IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSA PERRI, | Civil Action |
| Plaintiff, | No. |
| v. | |
| WEST MIFFLIN AREA SCHOOL DISTRICT, | JURY TRIAL DEMANDED |
| Defendant. | |

## CIVIL COMPLAINT

Plaintiff, Rosa Perri, by undersigned counsel, files this Civil Complaint, and in support states the following.

### I. Jurisdiction

1. Plaintiff invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, and this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Plaintiff has exhausted the administrative remedies set forth under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and the Pennsylvania Human Relations Act, as follows:

   a. On or about July 24, 2018, she timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

   b. On March 28, 2019, the U.S. Department of Justice issued a Notice of Right to Sue; and

   c. Plaintiff filed this action within 90 days of receipt of that Notice.

### II. Parties

3. Plaintiff, Rosa Perri, is an adult female individual who resides in Pittsburgh, Pennsylvania.

1

4. Defendant, West Mifflin Area School District, is a public school district with a principal place of business located at 1020 Lebanon Road, Suite 250, West Mifflin, Pennsylvania 15122.

5. In 2018, Defendant employed at least 15 employees in 20 or more weeks of the calendar year.

6. Defendant also employed at least 50 employees within 75 miles of its Lebanon Road location.

7. During the period of July 2017 through July 2018, Perri worked for Defendant for at least 1250 hours.

### III. Factual Background

8. Perri worked for Defendant from approximately May 23, 2013 to July 10, 2018. Her most recent position was Confidential Administrative Assistant II.

9. From the start of Perri's employment until January 2018, she reported to Defendant's then-Superintendent, Dr. Daniel Castagna.

10. Both Perri and Castagna are of Italian descent.

11. At least two of Defendant's School Board members, David Marshall and Nick Alexandroff, have posted ethnic slurs and stereotypes about Castagna's Italian heritage on the Internet.

12. School Board members Marshall, White, and Alexandroff perceived Castagna to be their political rivals, and vowed to "get rid of" him following their swearing-in as Board members in December 2017.

13. Upon information and belief, in December 2017, Castagna filed an EEOC charge against Defendant alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964.

14. In January 2018, Defendant's School Board placed Castagna on leave.

15. Since the start of Castagna's leave, Defendant's Acting Superintendent has been Dr. Mark Hoover.

16. Following the Board's decision to place Castagna on leave, Hoover told Perri, in front of other coworkers, that if she let Castagna into the building, she would be "canned."

17. After Castagna was placed on leave, Defendant's employees began excluding Perri, not giving her much work, and treating her like an outsider.

18. In May 2018, Perri informed Defendant that she would be having back surgery for lumbar stenosis on July 30, 2018, and would be taking medical leave to recover from the surgery.

19. On July 2, 2018, at a special meeting, Defendant's School Board voted to eliminate Perri's position.

20. Defendant did not inform Perri in advance of the meeting that it was considering furloughing her or eliminating her position.

21. Defendant's minutes of the July 2, 2018 School Board meeting do not reflect any vote or discussion about eliminating Perri's position.

22. The majority of the July 2, 2018 School Board meeting consisted of discussion about Dr. Castagna, with several residents speaking in support of him.

23. On July 3, 2018, Hoover informed Perri that the School Board had voted to eliminate her position the night before, and that her last day would be July 20, 2018—11 days before her scheduled surgery.

24. When Perri asked Hoover why she was being eliminated, Hoover said the reasons were her last name, and her affiliation with Castagna. Hoover further stated that the Board members wanted to get rid of anyone close to Castagna.

25. Hoover then clarified that he was not referring to her married last name, Perri, but rather her maiden name, Isoldi.

26. Perri's maiden name is Italian.

27. When Defendant decided to eliminate Perri's position, it had already approved the budget for the following school year, which included Perri's position.

28. Shortly after Perri's discharge, another Confidential Secretary retired.

29. Defendant did not offer the vacant Confidential Secretary position to Perri; rather, it hired someone else.

## Count I
## Title VII
## National Origin Discrimination

30. Plaintiff incorporates Paragraphs 1 through 29 as if fully restated.

31. Defendant fired Perri because of her national origin, Italian, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

32. As a direct and proximate result of Defendant's conduct, Perri has suffered emotional distress, lost wages, humiliation, inconvenience, and like injuries.

## Count II
## Title VII
## Retaliation

33. Plaintiff incorporates Paragraphs 1 through 32 as if fully restated.

34. Defendant fired Perri because of her affiliation with an individual who filed an EEOC charge alleging discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e-3(a).

35. Prior to firing Perri, and continuing following the announcement of her planned termination date, Defendant created a hostile work environment against her because of her affiliation with an individual who fired an EEOC charge alleging discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

36. As a direct and proximate result of Defendant's conduct, Perri has suffered emotional distress, lost wages, humiliation, inconvenience, and like injuries.

## Count III
## Section 1983
## Political Affiliation Discrimination

37. Plaintiff incorporates Paragraphs 1 through 36 as if fully restated.

38. Defendant's School Board members, including but not limited to Marshall, White, and Alexandroff, perceived Castagna to be their political rival, and perceived Perri to be politically affiliated with Castagna.

39. Defendant, through its policy-making School Board members and Acting Superintendent, and under color of law, fired Perri because of her perceived political affiliation with a political opponent, in violation her rights to political belief and association under the First Amendment of the U.S. Constitution.

40. As such, Defendant has violated 42 U.S.C. § 1983.

41. As a direct and proximate result of Defendant's conduct, Perri has suffered emotional distress, lost wages, humiliation, inconvenience, and like injuries.

## Count IV
## FMLA Interference and Retaliation

42. Plaintiff incorporates Paragraphs 1 through 41 as if fully restated.

43. Perri's lumbar stenosis constituted a serious health condition under the Family and

Medical Leave Act ("FMLA").

44. Perri was an eligible employee under the FMLA, and as such, was entitled to up to twelve weeks of medical leave to care for her own serious health condition.

45. By firing Perri before her planned medical leave in July 2018, Defendant interfered with Perri's right to take FMLA leave and to be restored to an equivalent position following said leave, in violation of 29 U.S.C. § 2615(a)(1).

46. Defendant further fired Perri in retaliation for her request for FMLA-protected leave, in violation of 29 U.S.C. § 2615(a)(1) and 29 C.F.R. § 825.220.

47. Defendant fired Perri without a good faith belief, and without reasonable grounds to believe that its actions would not violate the FMLA.

**Count V**
**ADA**
**Failure to Accommodate and Retaliation**

48. Plaintiff incorporates Paragraphs 1 through 47 as if fully restated.

49. Perri was a qualified individual with a disability, in that she was substantially limited in major life activities, including lifting, bending, standing, and walking.

50. As such, Defendant was obligated to provide reasonable accommodations to Perri, including but not limited to providing her medical leave.

51. By firing Perri before she could take medical leave, Defendant failed to make reasonable accommodations to Perri's disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(b)(5)(A).

52. Defendant also fired Perri in retaliation for requesting a reasonable accommodation, in violation of 42 U.S.C. § 12203(a).

53. As a direct and proximate result of Defendant's conduct, Perri has suffered

emotional distress, lost wages, humiliation, inconvenience, and like injuries.

WHEREFORE, Perri respectfully requests judgment in her favor and the following relief:

    a.  Payment of back pay to compensate her for lost wages and benefits;

    b.  An order of front pay in the event reinstatement is not feasible;

    c.  Reasonable attorneys' fees and costs;

    d.  Compensatory damages for emotional distress and like injuries;

    e.  Liquidated damages for Defendant's violations of the FMLA; and

    f.  Such other legal or equitable relief which this Court finds just and proper.

Respectfully submitted,

**ELZER LAW FIRM, LLC**

/s/ Christine T. Elzer
Christine T. Elzer
Pa. I.D. No. 208157

100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 230-8436

Attorney for Plaintiff